IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICHARD KISER, Individually and on Behalf of All Others Similarly Situated        PLAINTIFF,vs.MANSFIELD ENGINEERED COMPONENTS, INC.,        DEFENDANT. | )))))))))))))) No.JUDGE |

**ORIGINAL COLLECTIVE ACTION AND CLASS ACTION COMPLAINT**

COMES NOW Plaintiff Richard Kiser ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Robert E. DeRose of Barkan Meizlish DeRose, LLP, and Sean Short and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action and Class Action against Defendant Mansfield Engineered Components, Inc. ("Defendant"), he does hereby state and allege as follows:

### I.PRELIMINARY STATEMENTS

1.This is a collective action brought by Plaintiff, individually and on behalf of all similarly situated employees who were employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2.Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Ohio Minimum Fair Wage Standards Act, O.R.C. Ann. §§ 4111.03., 4111.08 and 4111.10, ("Ohio Wage Act"), and the Ohio Prompt Pay Act

("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts") and for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and all others similarly situated overtime compensation for all hours that Plaintiff and all others similarly situated worked in excess of forty per week.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Northern District of Ohio has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges OMFWSA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. § 1367(a).

5. Defendant conducts business within the State of Ohio.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Ohio has personal jurisdiction over Defendants, and Defendants therefore "reside" in Ohio.

7. The acts complained of herein were committed and had their principal effect against Plaintiff within the Eastern Division of the Northern District of Ohio, and venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

8. Plaintiff is an individual and resident of Richland County.

9. Defendant is a domestic, for-profit corporation.

10. Defendant's registered agent for service of process is Bruce Cummins, at 1776 Harrington Memorial Road, Mansfield, Ohio 44903.

11. Defendant, in the course of its business, maintains a website at https://mansfieldec.com/.

## IV. FACTUAL ALLEGATIONS

12. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

13. Defendant designs and manufactures hinges for appliances such as refrigerators, ovens and washing machines.

14. Defendant has at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, such as equipment, vehicles, and fuel.

15. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

16. Defendant is an "employer" within the meanings set forth in the FLSA and OMFWSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the putative collective.

17. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA and the Ohio Acts.

18. Defendant employed Plaintiff within the three years preceding the filing of this lawsuit.

19. Specifically, Plaintiff worked for Defendants as an Assembly Line Worker from January of 2021 until June of 2021.

20. Defendant also employed other Assembly Line Workers during the three years preceding the filing of this lawsuit.

21. Plaintiff was primarily responsible for working on Defendant's assembly lines making hinges.

22. Other Assembly Line Workers had the same or similar job duties as Plaintiff.

23. Defendant classified Plaintiff as nonexempt from the FLSA and paid him an hourly rate.

24. Defendant also classified other Assembly Line Workers as nonexempt from the FLSA and paid them an hourly rate.

25. At all relevant times herein, Defendant directly hired Assembly Line Workers to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments, and employment conditions, and kept at least some records regarding their employment.

26. At all times material herein, Plaintiff and other Assembly Line Workers have been entitled to the rights, protections and benefits provided under the FLSA.

27. Plaintiff sometimes worked more than forty hours per week.

28. Upon information and belief, other Assembly Line Workers also sometimes worked over forty hours per week.

29. In addition to his hourly wage, Plaintiff regularly received bonuses.

30. Specifically, Plaintiff received production bonuses when the facility exceeded production goals and he also received attendance bonuses when he met specific attendance criteria.

31. These bonuses were nondiscretionary because they were based on objective and measurable criteria, and because Plaintiff expected to receive the incentive bonuses and did in fact receive the incentive bonuses on a regular basis.

32. Upon information and belief, all or most Assembly Line Workers also received these bonuses.

33. Defendant informs Assembly Line Workers of the incentive bonuses upon hiring because the bonuses are part of Defendant's compensation package. Assembly Line Workers expect to receive the bonuses.

34. Defendant paid Plaintiff and other Assembly Line Workers 1.5x times their base hourly rate for the hours they worked over 40 in a workweek.

35. However, Defendant did not include the bonuses that were paid to Plaintiff and other Assembly Line Workers in their regular rates when calculating their overtime pay even though Plaintiff and other Assembly Line Workers received bonuses in pay periods in which they also worked in excess of forty hours per week.

36. Section 778.208 of Title 29 of the CFR requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

37. Defendant violated the FLSA and OMFWSA by not including all forms of compensation, such the nondiscretionary bonuses of Plaintiff and other Assembly Line Workers, in their regular rate when calculating their overtime pay.

38. Upon information and belief, Defendant's pay practices were the same for all hourly workers who received incentive bonuses.

39. Upon information and belief, the pay practices that violate the FLSA and OMFWSA alleged herein were the same at all of Defendant's facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

40. Defendant sometimes required Plaintiff and other Assembly Line Workers to work "mandatory Saturdays," and in those weeks Plaintiff and other Assembly Line Workers generally worked 48 hours.

41. Plaintiff and other Assembly Line Workers tracked their time using Defendant's time clock system.

42. Defendant knew or should have known that Plaintiff and other Assembly Line Workers were working hours over 40 in some weeks.

43. Defendant failed to pay Plaintiff and the other Assembly Line Workers all wages, including unpaid overtime, on or before the first day of each month, for wages earned by her during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by her during the last half of the preceding calendar month.

44. Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the Ohio Acts.

## V. REPRESENTATIVE ACTION ALLEGATIONS

45. Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as Assembly Line Workers at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Overtime premiums for all hours worked for Defendant in excess of forty hours in any week;

B. Liquidated damages; and

C. Attorneys' fees.

46. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

47. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

48. Plaintiff proposes the following collective under the FLSA:

**All Assembly Line Workers who received an attendance bonus or a production bonus related to work performed in any week in which they worked over 40 hours within the past three years ("FLSA Collective Members").**

49. The proposed FLSA Collective Members are similarly situated in that they share these traits:

A. They were eligible for and received attendance bonuses or production bonuses;

B. They worked over 40 hours in at least one week in which they performed work related to a bonus;

C. They were subject to Defendant's common policy of failing to pay them a proper overtime rate; and

D. They had the same or substantially similar job duties and responsibilities.

50. Plaintiff is unable to state the exact number of the class but believe that the FLSA Collective Class exceeds 300 persons.

51. Defendant can readily identify the FLSA Collective Members, which encompasses all Assembly Line Workers who were paid a piece rate and worked within the relevant time period.

52. The names and physical and mailing addresses of the FLSA Collective Members are available from Defendant, and a Court-approved Notice should be provided to the FLSA Collective Members via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI. Fed. Rule 23 Class Allegations

53. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

54. Plaintiff seeks class certification under Fed. R. 23 of the following state law sub-class:

> **All Assembly Line Workers in Ohio who received an attendance bonus or a production bonus related to work performed in any week in which they worked over 40 hours within the past three years ("the Ohio Rule 23 Class Members")**

55. Plaintiff is unable to state the exact number of the Ohio Rule 23 Class but believes that the Ohio Rule 23 Class exceeds 300 persons.

56. As a result, the Ohio Rule 23 Class is so numerous that joinder of all members is not practical.

57. There are questions of law or fact common to the Ohio Rule 23 Class, including: (1) they were eligible for and received attendance bonuses or production bonuses; (2) they worked over 40 hours in at least one week in which they performed work related to a bonus; (3) they were subject to Defendant's common policy of failing to pay them a proper overtime rate; and (4) they had the same or substantially similar job duties and responsibilities.

58. Plaintiff's Ohio Wage Act claims are typical of those of the Ohio Rule 23 Class because they arise out of Defendant's uniform compensation practices.

59. Defendant's defenses to Plaintiff's Ohio Wage Act claims are typical of their defenses to those of the Ohio Rule 23 Class because they are grounded in the same compensation practices.

60. Plaintiff can fairly and adequately protect the interests of the Ohio Rule 23 Class because he is asserting the same claims as the Ohio Rule 23 Class.

61. Plaintiff can fairly and adequately protect the interests of the Ohio Rule 23 Class because he has no interests adverse to the Ohio Rule 23 Class.

62. Plaintiff can fairly and adequately protect the interests of the Ohio Rule 23 Class because he has retained counsel experienced in class action employment litigation.

63. The common questions of law and fact predominate over the variations which may exist between members of the Ohio Rule 23 Class, if any.

64. Plaintiff and the members of the Ohio Rule 23 Class on the one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, penalties, attorneys' fees and costs.

65. If individual actions were required to be brought by each member of the Ohio Rule 23 Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as to the Defendant.

66. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Ohio Rule 23 Class is entitled.

67. The books and records of Defendant are material to the Ohio Rule 23 Class's claims because they disclose the hours worked by each member of the Ohio Rule 23 Class and the rate of pay for that work.

### VII. FIRST CAUSE OF ACTION
(Collective Action Claim for Violation of the FLSA)

68. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

Case: 1:21-cv-01501-JG  Doc #: 1  Filed: 08/02/21  11 of 15.  PageID #: 11

69. Plaintiff, individually and on behalf of the FLSA Collective Members, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

70. At all relevant times, Defendant has been an "employer" of Plaintiff and the FLSA Collective Members within the meaning of the FLSA, 29 U.S.C. § 203.

71. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

72. Defendant classified Plaintiff and the FLSA Collective Members as nonexempt from the overtime requirements of the FLSA.

73. Despite the entitlement of Plaintiff and the FLSA Collective Members to overtime payments under the FLSA, Defendant failed to pay Plaintiff and the FLSA Collective Members an overtime rate of 1.5x their regular rates of pay for all hours worked over 40 each week.

74. Defendant willfully failed to pay all wages owed to Plaintiff and the FLSA Collective Members.

75. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the FLSA Collective Members for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

Page 11 of 15
Richard Kiser, et al. v. Mansfield Engineered Components, Inc.
U.S.D.C. (N.D. Ohio) Case No. 1:21-cv-___
Original Complaint—Collective Action

## VIII. SECOND CAUSE OF ACTION
### (Ohio Wage Act – Failure to Pay Overtime)
### (Ohio Rule 23 Class Action)

76. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

77. Plaintiff asserts this claim for damages and declaratory relief pursuant to the Ohio Wage Act on behalf of himself and the Ohio Rule 23 Class.

78. At all times relevant to this Complaint, Defendant was Plaintiff's and the Ohio Rule 23 Class' "employer" within the meaning of the Ohio Wage Act, O.R.C. Ann. § 4111.03(D)(2).

79. Defendant classified Plaintiff and the Ohio Rule 23 Class as nonexempt from the overtime requirements of the Ohio Wage Act.

80. The Ohio Wage Act requires employers to pay all employees an overtime wage of 1.5x their regular rate for all hours worked in excess of 40 each week unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations. *See* O.R.C. § 4111.03(A).

81. Despite the entitlement of Plaintiff and the Ohio Rule 23 Class to overtime payments under the Ohio Wage Act, Defendant failed to pay them an overtime rate of 1.5x their regular rate of pay for all hours worked over 40 each week.

82. Defendant's failure to pay Plaintiff and the Ohio Rule 23 Class all wages owed was willful.

83. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the Ohio Rule 23 Class for monetary damages, and costs, including

reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to O.R.C. Ann. § 4111.10.

### IX. THIRD CAUSE OF ACTION
### (OPPA – Failure to Pay Wages Timely)
### (Ohio Rule 23 Class Action)

61. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

62. The OPPA requires that Defendant pay Plaintiff and the Ohio Rule 23 Class all wages, including unpaid overtime, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month. See O.R.C. § 4113.

63. Defendant was a covered employer pursuant to the OPPA.

64. This count arises from Defendant's violations of the OPPA by failing to pay Plaintiff and the Ohio Rule 23 Class all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. See O.R.C. §4113.15(B)

65. Plaintiff's and the Ohio Rule 23 Class' unpaid overtime wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

66. Defendant's failure to pay Plaintiff and other similarly situated Ohio Rule 23 Class one and one-half times their regular rate for all time worked over 40 hours in a workweek and more than thirty (30) days beyond their regularly scheduled payday was willful.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Richard Kiser, individually and on behalf all others similarly situated, respectfully pray as follows:

A. That Defendant be summoned to appear and answer this Complaint.

B. A declaratory judgment that Defendant's practices alleged herein violate the FLSA, the OMFWSA and their related regulations.

C. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same.

D. Certification of a Fed. R. 23 class of all Ohio individuals similarly situated, as further defined in any motion for the same.

E. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA, the Ohio Acts and their related regulations.

F. Judgment for liquidated damages pursuant to the FLSA, the Ohio Wage Act and their related regulations.

G. Liquidated damages for the Plaintiff and each of the Ohio Rule 23 Class Members pursuant to the OPPA equal to six percent (6%) of the unpaid wages or $200, whichever is the greater.

H. An order directing Defendant to pay Plaintiff and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action.

I. Such other relief as this Court may deem just and proper.

DATED   August 2, 2021.                    Respectfully submitted,

**RICHARD KISER, Individually and on behalf of All Others Similarly Situated, PLAINTIFF**

Josh Sanford (*pro hac vice anticipated*)
Sean Short (*pro hac vice anticipated*)
**SANFORD LAW FIRM, PLLC**
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*LEAD COUNSEL FOR PLAINTIFFS*


**BARKAN MEIZLISH DEROSE, LLP**

*/s/Robert E. DeRose*
Robert E. DeRose (0055214)
4200 Regent Street, Suite 210
Columbus, OH 43219
Telephone: (614) 221-4221
Fax:       (614) 744-2300
Email: bderose@barkanmeizlish.com

*LOCAL COUNSEL FOR PLAINTIFFS*